# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | * |
| | * Case No.: 04-38617-RAG |
|   DONNA L. POOLE | * |
| | * Chapter 13 |
|         Debtor | * |
| | * |

*******************************************************************************

| | |
|---|---|
| | * |
| GERARD R. VETTER | * |
| CHAPTER 13 TRUSTEE | * |
| 7310 Ritchie Highway, Suite 715 | * |
| Glen Burnie, Maryland 210613, | * Adversary Proceeding No.: |
| | * |
|         Plaintiff, | * |
| v. | * |
| | * |
| DONNA L. POOLE, TRUSTEE | * |
|   of the Donna L. Poole Revocable Trust | * |
| 167 Cardamon Dirve | * |
| Edgewater, Maryland 21037 | * |
| | * |
| and | * |
| | * |
| JOSEPH W. POOLE, TRUSTEE | * |
|   of the Donna L. Poole Revocable Trust | * |
| 167 Cardamon Dirve | * |
| Edgewater, Maryland 21037 | * |
| | * |
|         Defendants | * |
| | * |

*******************************************************************************

**COMPLAINT TO AVOID UNAUTHORIZED POSTPETITION AND/OR
FRAUDULENT TRANSFER AND TO RECOVER PROPERTY TRANSFERRED**

Plaintiff, Gerard R. Vetter, Chapter 13 Trustee ("Trustee"), files this Complaint to Avoid

Unauthorized Postpetition and/or Fraudulent Transfer and to Recover Property Transferred,

pursuant to 11 U.S.C. §§ 544 and 549, and to Sections 15-201 et seq. of the Commercial Law

Article of the Annotated Code of Maryland, against Defendants, Donna L. Poole, Trustee of the

Donna L. Poole Revocable Trust and Joseph W. Poole, Trustee of the Donna L. Poole Revocable Trust (the "Transferees"), and states as follows:

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 in that this proceeding arises in and relates to the above Chapter 13 bankruptcy case.

2. On December 21, 2004, Donna L. Poole (the "Debtor") filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. The Trustee has been appointed the Chapter 13 Trustee, has accepted his appointment, and has qualified as such by having his bond approved.

4. Prior to November 22, 2005, Debtor was the owner of real property known as 167 Cardamon Drive, Edgewater, Maryland 21037 (the "Property").

5. On or about November 22, 2005, pursuant to a Warranty Deed recorded among the Land Records of Anne Arundel County, Maryland (the "Land Records") on or about that date, the Debtor transferred the Property to the Transferees (the "Transfer"). The stated consideration in the Deed for the Transfer is zero ($0.00). A copy of the Deed is attached hereto and incorporated herein as Exhibit A.

### COUNT ONE

All of the foregoing allegations of this Complaint are incorporated by reference as if fully set forth in this Count One.

6. The Transfer occurred after the commencement of this bankruptcy case.

7. The Transfer was not authorized under Title 11 of the United States Code.

8. The Transfer was not authorized by this Court.

9. The Transferees had actual or constructive knowledge of the commencement of this bankruptcy case.

10. The Transferees did not pay to Debtor present fair equivalent value for the Property.

11. The Transferees are not good faith purchasers of the Property.

WHEREFORE, the Trustee demands that this Court enter an order:

A. Declaring that the Transfer is voidable and void, pursuant to Section 549 of the Bankruptcy Code;

B. Directing Defendants Donna L. Poole, Trustee of the Donna L. Poole Revocable Trust and Joseph W. Poole, Trustee of the Donna L. Poole Revocable Trust to turn over the Property or a sum of money equal to its value to the Trustee, pursuant to Section 550 of the Bankruptcy Code; and

C. Granting the Trustee such other and further relief as is just and appropriate.

## COUNT TWO

All of the foregoing allegations of this Complaint are incorporated by reference as if fully set forth in this Count Two.

12. The Debtor was insolvent at the time of the Transfer or was rendered insolvent by said transfer.

13. In connection with the aforementioned transfer, the Debtor did not receive fair consideration from the Transferees for her interest in the Property.

WHEREFORE, the Trustee demands that this Court enter an order:

A. Declaring that the Transfer is voidable and void, pursuant to Section 544 of the Bankruptcy Code and Sections 15-204, 15-209 and 15-210 of the Commercial Law Article of the Annotated Code of Maryland;

B. Directing Defendant Donna L. Poole, Trustee of the Donna L. Poole Revocable Trust and Joseph W. Poole, Trustee of the Donna L. Poole Revocable Trust to turn over the Property or a sum of money equal to its value to the Trustee, pursuant to Section 550 of the Bankruptcy Code; and

C.  Granting the Trustee such other and further relief as is just and appropriate.

## COUNT THREE

All of the foregoing allegations of this Complaint are incorporated by reference as if fully set forth in this Count Three.

14. The Debtor did not receive fair consideration for the Transfer of the Property.

15. At the time of the Transfer, the Debtor and/or Transferees intended for the Debtor to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond her ability to pay as they matured.

WHEREFORE, the Trustee demands that this Court enter an Order:

A.  Declaring that the Transfer is voidable and void, pursuant to Section 544 of the U.S. Bankruptcy Code and Sections 15-206, 15-209 and 15-210 of the Commercial Law Article of the Annotated Code of Maryland;

B.  Directing Defendant Donna L. Poole, Trustee of the Donna L. Poole Revocable Trust and Joseph W. Poole, Trustee of the Donna L. Poole Revocable Trust to turn over the Property or a sum of money equal to its value to the Trustee, pursuant to Section 550 of the Bankruptcy Code: and

C.  Granting the Trustee such other and further relief as is just and appropriate.

## COUNT FOUR

All of the foregoing allegations of this Complaint are incorporated by reference as if fully set forth in this Count Four.

16. In participating in the Transfer, the Debtor and/or the Transferees intended to hinder, delay, or defraud Debtor's present or future creditors.

WHEREFORE, the Trustee demands that this Court enter an Order:

A. Declaring that the Transfer is voidable and void, pursuant to Section 544 of the Bankruptcy Code and Sections 15-207, 15-209 and 15-210 of the Commercial Law Article of the Annotated Code of Maryland;

B. Directing Defendant Donna L. Poole, Trustee of the Donna L. Poole Revocable Trust and Joseph W. Poole, Trustee of the Donna L. Poole Revocable Trust to turn over the Property or a sum of money equal to its value to the Trustee, pursuant to Section 550 of the Bankruptcy Code; and

C. Granting the Trustee such other and further relief as is just and appropriate.

/s/ Gerard R. Vetter
Gerard R. Vetter
Chapter 13 Trustee
7310 Ritchie Highway #715
Glen Burnie Maryland 21061
Phone (410) 766-9665
Fax (410) 766-8736
nancyy@grvch13.com